# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Gary Wiechman and Lauralee Wiechman,**
**Plaintiffs Below, Petitioners**

**vs.)  No. 20-0036** (Marshall County 19-C-150)

**Marshall County Sewerage District,**
**Defendant Below, Respondent**

**FILED**
**January 20, 2021**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Gary Wiechman and Lauralee Wiechman, by counsel Teresa C. Toriseva and Jake J. Polverini, appeal the Circuit Court of Marshall County's December 19, 2019, order dismissing all of their claims against Respondent Marshall County Sewerage District with prejudice. Respondent, by counsel Brent P. Copenhaver and Margaret L. Miner, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the circuit court below erred in dismissing petitioners' claims for breach of contract. Accordingly, we reverse, in part, and affirm, in part, the circuit court's dismissal order, and remand this case to the circuit court for further proceedings consistent with this opinion. Because this case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure, a memorandum decision is appropriate to resolve the issues presented.

Petitioners filed their complaint against respondent on June 24, 2019, generally alleging breach of covenant/contract, trespass, and injury to trees and plants. Although petitioners' address is in Wheeling, Ohio County, they live in the rural community of Mozart, an unincorporated community in both Ohio and Marshall Counties. According to the circuit court, petitioners' property was "necessarily affected by [respondent's] plan to bring a much-needed public sewer service to the residents of Mozart." Respondent is a public utility regulated by the Public Service Commission of West Virginia ("PSC") and is a political subdivision subject to the provisions of the West Virginia Governmental Tort Claims and Insurance Reform Act ("the Act"), West Virginia Code § 29-12A-3.

Respondent contracted with E.L. Robinson Engineering Company to design a sewer system for residents in the area known as Mozart Meadows, which includes petitioners' residence. On

1

June 2, 2017, respondent entered into a contract with Mike Enyart & Sons, Inc. ("MESI"), to install a sewer extension from the system utilized by the City of Wheeling to the Mozart community. According to the circuit court, that system was to be installed along Fraziers Run Road and the connector roads located in Marshall County to West Virginia Route 88. The project was identified as the Mozart Sanitary Sewer Extension ("Mozart project"). On September 12, 2016, petitioners entered into an easement agreement with respondent granting it and its agents a right-of-way easement to construct, operate, maintain, repair, remove, and replace a sewer line on the bottom portion of petitioners' property. The contract between petitioners and respondent required respondent or its agents to reasonably restore petitioners' property to its original condition.

MESI began construction on petitioners' property in or about September of 2017, and the Mozart project was completed in October of 2018. Thereafter, the contractor began identifying and addressing the various complaints of the property owners whose property was affected by construction of the Mozart project. As set forth in their complaint, petitioners allege that respondent breached its easement by failing to adequately restore their property to its original condition. Petitioners claim that MESI left behind gravel and other debris making it difficult to mow their lawn; that gravel and debris were left outside of the construction easement; that there is damage to a concrete driveway on the lower portion of their property; that MESI failed to properly reseed their yard; and that the construction killed a mature peach tree growing on the property. In addition, petitioners' property sits on a steeply sloped piece of land, and they allege that the lower portion of their property is impacted to some extent by water runoff. They assert in the complaint that prior to the construction they diverted or controlled runoff water with a hand-dug ditch but that the installation of the sewer line on their property interrupted and/or impeded the flow of the runoff water through that ditch, causing damage to a dirt access road on the lower end of the property. Finally, they allege that MESI left a manhole on the property that is not ground level so it interferes with their ability to perform lawn maintenance.

Petitioners filed their complaint on June 24, 2019, seeking compensatory damages for their alleged economic losses, compensatory damages for their mental anguish, annoyance and inconvenience damages, attorney's fees, punitive damages, and a termination of the easement agreement. On October 23, 2019, respondent served its motion to dismiss to which petitioners filed a response.

In its December 19, 2019, order granting respondents' motion to dismiss, the circuit court found that as a political subdivision respondent is entitled to a general grant of immunity from the assessment of civil damages pursuant to West Virginia Code § 29-12A-4(b)(1). Further, it determined that

> [a]fter careful review of all of the exceptions to the general grant of immunity set forth in West Virginia Code §29-12A-4(c), it is clear that none of these exceptions are applicable to [petitioners'] claims in this case. Under the facts alleged by [petitioners], Subsections (c)(1), (c)(4) and (c)(5) are clearly inapplicable and unavailable to [petitioners] in this case based on a plain reading of those subsections and the allegations in [petitioners'] Complaint. . . . [Petitioners'] injuries and damages (if indeed there are any) do not flow from the negligence of [respondent]. Rather, . . . their alleged injuries and damages arise from the alleged breach of the

2

easement agreement.

It, therefore, found that petitioners' claims for breach of covenant/contract must be dismissed.

In addressing the claims for trespass and injury to trees and plants, the circuit court found that they must also be dismissed because respondent was entitled to immunity on those claims. The circuit court further determined that respondent was immune from claims for punitive damages pursuant to West Virginia Code § 29-12A-7(a) because respondent is a political subdivision. Finally, it denied petitioners' request to terminate the easement agreement between petitioners and respondent because respondent is a public service district and public utility that provides sewerage services to residents in Marshall and Ohio Counties, and the easement at issue enabled respondent to bring needed public sewer service to residents of Mozart. "The right-of-way easement . . . was and is critical to the construction, maintenance and operation of the sewerage system servicing the Mozart community. . . . [Petitioners] cannot simply terminate the right-of-way easement and prohibit [respondent] from operating and maintaining the sewer line installed on their property." In conclusion, the circuit court found that petitioners' complaint against respondent does not state a claim for relief, respondent is entitled to immunity pursuant to West Virginia Code § 29-12A-4(b), and the exceptions set forth in West Virginia Code § 29-12A-4(c) are inapplicable in this matter. Petitioners appeal the circuit court's December 19, 2019, order dismissing their claims with prejudice.

This Court has long held that "[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick,* 194 W. Va. 770, 461 S.E.2d 516 (1995).

On appeal, petitioners set forth four assignments of error, all of which allege error by the circuit court in dismissing their claims of breach of contract.[1] Initially, we note that the Act was enacted "to limit liability of political subdivisions and provide immunity to political subdivisions in certain instances and to regulate the costs and coverage of insurance available to political subdivisions for such liability." W. Va. Code § 29-12A-1, in relevant part. Petitioners correctly point out that the circuit court's dismissal of their claims was based upon West Virginia Code §§

---

[1] Specifically, petitioners' assignments of error are as follows:

1. The circuit court erred in concluding that the West Virginia Governmental Tort Claims and Insurance Reforms Act applied to the present case.
2. The circuit court erred in concluding that the West Virginia Governmental Tort Claims and Insurance Reform Act provides a political subdivision immunity against claims for breach of contract.
3. The circuit court erred in concluding that petitioners' claims arise from allegations of breaches of the easement agreement yet dismissing petitioners' claims with prejudice pursuant to the West Virginia Governmental Tort Claims and Insurance Reform Act.
4. The circuit court erred in ignoring West Virginia Code § 29-12A-18, which expressly states that the West Virginia Governmental Tort Claims and Insurance Reform Act does not apply in civil actions seeking to recover damages from a political subdivision for breaches of contractual liability.

29-12A-3[2] and -29-12A-4(c).[3] However, the circuit court did not address West Virginia Code §

[2] "Political subdivision" means any county commission, municipality and county board of education; any separate corporation or instrumentality established by one or more counties or municipalities, as permitted by law; any instrumentality supported in most part by municipalities; any public body charged by law with the performance of a government function and whose jurisdiction is coextensive with one or more counties, cities or towns; a combined city-county health department created pursuant to article two, chapter sixteen of this code; public service districts; and other instrumentalities including, but not limited to, volunteer fire departments and emergency service organizations as recognized by an appropriate public body and authorized by law to perform a government function . . . .

W. Va. Code § 29-12A-3(c).

[3] Subject to sections five and six of this article, a political subdivision is liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:
(1) Except as otherwise provided in this article, political subdivisions are liable for injury, death, or loss to persons or property caused by the negligent operation of any vehicle by their employees when the employees are engaged within the scope of their employment and authority.
(2) Political subdivisions are liable for injury, death, or loss to persons or property caused by the negligent performance of acts by their employees while acting within the scope of employment.
(3) Political subdivisions are liable for injury, death, or loss to persons or property caused by their negligent failure to keep public roads, highways, streets, avenues, alleys, sidewalks, bridges, aqueducts, viaducts, or public grounds within the political subdivisions open, in repair, or free from nuisance, except that it is a full defense to such liability, when a bridge within a municipality is involved, that the municipality does not have the responsibility for maintaining or inspecting the bridge.
(4) Political subdivisions are liable for injury, death, or loss to persons or property that is caused by the negligence of their employees and that occurs within or on the grounds of buildings that are used by such political subdivisions, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility.
(5) In addition to the circumstances described in subsection (c)(1) to (4) of this section, a political subdivision is liable for injury, death, or loss to persons or property when liability is expressly imposed upon the political subdivision by a provision of this code. Liability shall not be construed to exist under another section of this code merely because a responsibility is imposed upon a political subdivision or because of a general authorization that a political subdivision may sue and be sued.
W. Va. Code § 29-12A-4(c).

29-12A-18, which provides, in relevant part, "This article does not apply to, and shall not be construed to apply to, the following: (a) Civil actions that seek to recover damages from a political subdivision or any of its employees for contractual liability; . . . ." Petitioners argue that a plain reading of their complaint reveals that six of the eight counts of the complaint are expressly breach of contract claims for respondent's multiple violations of the easement agreement. Further, they assert that because the express language of that statute specifically provides that the Act does not, and cannot, be construed to apply to civil cases seeking damages under breach of contract claims, the circuit court erred by finding that respondent was entitled to immunity.

In its brief before this Court, respondent explicitly

> recognizes that pursuant to West Virginia Code §29-12A-18(a), the . . . Act does not apply to civil actions seeking recovery from a political subdivision arising from contractual liability. Respondent further concedes that Counts 1 through 6 of [p]etitioners' [c]omplaint include claims based upon contractual liability arising from breach of the easement agreement.

Upon consideration of respondent's concession of error by the circuit court regarding its improper dismissal of petitioners' breach of contract claims and the clear language of West Virginia Code § 29-12A-18(a), we agree that the circuit court erred in dismissing counts one through six of petitioners' complaint. Those claims are based upon respondent's alleged breach of the easement agreement, which respondent does not contest is a valid contract. Therefore, we reverse the circuit court's dismissal of those claims and remand this case to the circuit court with directions to reinstate counts one through six of petitioners' complaint to the active docket of the circuit court.

However, it does not appear that petitioners contest the dismissal, with prejudice, of their remaining claims. We agree with respondent that the circuit court properly dismissed counts seven and eight of petitioners' complaint because respondent is immune, by statute, from those claims. Count seven alleges that respondent's employees intentionally trespassed on their property, resulting in damage to their property. As we explained in *Zirkle v. Elkins Road Public Service Dist.* 221 W. Va. 409, 414, 655 S.E.2d 155, 160 (2007), § 29-12A-4(b)(1)

> suggests that political subdivisions, public service districts included, are not liable for any acts with respect to both governmental and proprietary functions unless the acts complained of come within the specific liability provisions of *W.Va. Code*, 29-12A-4 (c). In creating the general grant of immunity, in *W.Va. Code*, 29-12A-4(b)(1), the Legislature did not distinguish between intentional or unintentional acts, but instead used the term "any" as an adjective modifying "act or omission." To eliminate doubt regarding whether the Legislature intended to include immunity for intentional acts, we need to consider our holding in Syllabus Point 2 of *Thomas v. Firestone Tire & Rubber Co.*, 164 W.Va. 763, 266 S.E.2d 905 (1980). In *Thomas* we held that "[t]he word 'any', when used in a statute, should be construed to mean any." We therefore conclude that claims of intentional and malicious acts are included in the general grant of immunity in *W.Va. Code*, 29-

12A-4(b)(1). Only claims of negligence specified in *W.Va. Code*, 29-12A-4(c) can survive immunity from liability under the general grant of immunity in *W.Va. Code*, 29-12A-4(b)(1).

Applying that rationale here, we conclude that § 29-12A-4(b)(1) immunizes respondent from liability for petitioners' intentional tort claim. That statute provides that "political subdivisions, public service districts included, are not liable for any acts with respect to both governmental and proprietary functions *unless the acts complained of come within the specific liability provisions of W.Va. Code, 29-12A-4 (c)*." (emphasis added). Petitioners' claims do not fall within the specific liability provisions of the statute.

Count eight alleges that respondent's employees damaged a peach tree on petitioners' property in violation of West Virginia Code § 61-3-48a.[4] Like count seven, the claim set forth in count eight does not fall within the specific liability provisions of the statute so respondent is immune from liability for that claim under the Act. Further, West Virginia Code § 29-12A-7(a) provides that "[i]n any civil action involving a political subdivision or any of its employees as a party defendant, an award of punitive or exemplary damages against such political subdivision is prohibited." Finally, petitioners do not appear to contest the circuit court's denial of their request to terminate the easement agreement. Therefore, we affirm, in part, and reverse, in part, the circuit court's December 19, 2019, order dismissing petitioners' claims with prejudice and remand this case to the circuit court for further proceedings consistent with this memorandum decision.

Affirmed, in part, reversed, in part, and remanded with directions.

**ISSUED:** January 20, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison

**NOT PARTICIPATING:**

Justice William R. Wooton

---

[4] Any person who enters upon the land or premises of another without written permission from the owner of the land or premises in order to cut, damage or carry away or cause to be cut, damaged or carried away, any timber, trees, logs, posts, fruit, nuts, growing plant or product of any growing plant, shall be liable to the owner in the amount of three times the value of the timber, trees, growing plants or products thereof, which shall be in addition to and notwithstanding any other penalties by law provided.

W. Va. Code § 61-3-48a.